J. T. Shields, Sp. J.,
delivered the opinion of the Court.
At the February Term, 1861, of the Circuit Court of Knox county, the Bank of East Tennessee obtained a judgment against George W. Church-well, from which he prosecuted an appeal, in the nature of a writ of error, to this Court.
On September 19, 1865, the death of said Churchwell was suggested, and admitted in this Court.
On October 1, 1867, the defendant in error entered a motion to abate the appeal in error.
On October 16, 1867, the plaintiff in error entered a motion to revive.
Both of these motions stand upon the record undis-* posed of, the judgment of the Court upon them never having been invoked.
It is provided by the Code, that suits commenced,, with a single exception, shall not abate or discontinue for the death of either party, until the second term after the death has been suggested and admitted or proved, and entry to that effect made of record; and. that no appeal or writ of error, in any cause or court, shall abate by the death of either plaintiff or defendant, but may be revived by or against his heir, personal representative, or assigns, under the rules prescribed for the revival of suits. Code, 2846, 2848 and 2854.
For the defendant in error, it is now insisted, that,, as the motion to abate the appeal in error was first entered, that that motion should be allowed by the Court, and the appeal in error discontinued — the legal conse *782 quence of which would be to restore to full force and effect the judgment of the Court beloAV, as an appeal in the nature of a writ of error does not, like a simple appeal, vacate the judgment, but suspends it only.
On the other hand, it is insisted that the motion to revive the appeal in error, made at the second term after the death was suggested and admitted, was in time, and should be allowed, although a motion to abate was, on a previous day, at this same term, made and entered.
We hold that, under a proper construction of the several sections in the Code upon this subject, that the right to revive a suit or an appeal or appeal in error, subsists and continues through the whole of the second term of the Court after the suggestion and proof or admission of the death. It is the clear meaning and intent of the statute, that the cause, or appeal, or writ of error, may be revived at any time during such term, and no previous motion entered to discontinue, can affect or defeat the right.
It has been held by this Court, under the provisions of the Act of 1785, ch. 2, s. 2; which does not, like the Code, fix a time within which no discontiuance shall be entered, though it was the practice of the courts to allow the abatement to be entered at the second term, on the motion of the surviving party; that the representative had the right to revive and prosecute the suit at any time before it was actually abated by order of the Court. 1 Meigs’ Dig., 2. We would be inclined to give the same construction to the provison in the Code; but it is unnecessary for us to now decide *783 that question, and we do not; for, in this case before Us, no order to abate has been entered, a motion only having been made.
The motion to revive the appeal in error in this cause was entered in time to save the right; and we order that the motion to abate be discharged, and that the motion of the plaintiff in error be allowed.